IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HEATHER AMMEL,

                Plaintiff,

   v.

KYRSTEN SINEMA,

                Defendant.

1:26-CV-00038

## **ORDER**

Plaintiff Heather Ammel filed this action alleging alienation of affection and punitive damages in Moore County Superior Court. (D.E. 1-2.) Defendant Kyrsten Sinema filed a notice of removal to this Court. (D.E. 1.) Ms. Sinema later moved to dismiss the action for lack of personal jurisdiction. (D.E. 14.)

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). If the court considers personal jurisdiction based on the pleadings, the plaintiff only needs to make a *prima facie* showing. *Id.* But because a plaintiff must establish personal jurisdiction at every stage, including ultimately "by a preponderance of the evidence," the Fourth Circuit has said that "the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter." *Id.* Accordingly, the Court will allow limited discovery and an evidentiary hearing related solely to the issue of personal jurisdiction.

The following deadlines may not be modified without Court approval:

1. Each Party will be entitled to serve five interrogatories, five requests for production of documents, and five requests for admission, and each side will be limited to two depositions. This discovery should focus on personal jurisdiction.

2. The deadline for the Parties to provide Initial Disclosures under Rule 26(a)(1)(A)(i) and (ii) related to personal jurisdiction will be May 15, 2026.

3. Limited jurisdictional discovery commences upon entry of this Order. The deadline for the completion of jurisdictional discovery is July 31, 2026.

4.  The evidentiary hearing will be set for August 19, 2026.

5.  The parties may file simultaneous supplemental briefs on personal jurisdiction by August 12, 2026.

6. The Parties may agree to produce documents subject to agreed confidentiality protections.  If the documents must be filed on the docket, the Parties must follow Local Rule 5.4 and the default procedures of Local Rule 5.5 for filing a Motion to Seal.

This the 7th day of May, 2026.

_/s/ David A. Bragdon_
United States District Judge