# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
CIVIL ACTION NO. 1:26-cv-00038

| | |
|---|---|
| HEATHER AMMEL, | ) |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S OBJECTIONS, MOTION** |
| | ) **TO QUASH DEFENDANT'S** |
| v. | ) **SUBPOENAS, AND MOTION FOR A** |
| | ) **PROTECTIVE ORDER** |
| KYRSTEN SINEMA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

NOW COMES Plaintiff Heather Ammel, by and through the undersigned counsel, and pursuant to Rules 26 & 45(d)(3) of the Federal Rules of Civil Procedure, hereby objects and moves this Court to quash and/or enter a protective order precluding response to Defendant's subpoenas which are attached hereto as **Exhibits A and B**. In support of her objections and Motions, Plaintiff respectfully shows unto this Court as follows:

1.      On 7 May 2026, this Court entered an Order allowing the parties to engage in "*limited* discovery and an evidentiary hearing related *solely* to the issue of personal jurisdiction." A true and accurate copy of this Court's limited jurisdictional discovery Order is attached hereto as **Exhibit C.** *See Celgard, LLC v. Sumitomo Chem. Co.,* No. 3:13-CV-00122-MOC-DSC, 2013 U.S. Dist. LEXIS 148206, at *9 (W.D.N.C. Oct. 15, 2013) ("Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone.").

2.      This Court expressly ordered that, solely as to the issue of personal jurisdiction, each Party is entitled to serve five interrogatories, five requests for production of documents, and five requests for admission, and that each side is limited to two depositions.

1

3. On 12 May 2026, Defendant, by and through her counsel, served two subpoenas upon non-parties to the case. Neither subpoena concerns the limited issue of personal jurisdiction or Defendant's contacts with the State of North Carolina as ordered by this Court.

4. Defendant subpoenaed the registered agent for Tyler's Ridge Apartments, LLC, requesting that it produce "All documents and electronically stored information related to Matthew Joseph Ammel transmitted or received between October 1, 2024 and November 30, 2024, including but not limited to visit/showing documentation, rental applications, security deposit documentation, correspondence, electronic communications, and lease-related materials." See **Exhibit A** attached. Defendant's request is completely unrelated to the issue of Defendant's contacts with North Carolina.

5. Defendant also subpoenaed Plaintiff's privileged therapy records, requesting that Plaintiff's therapist produce "All documents and electronically stored information related to [Plaintiff], created, received, and/or transmitted from January 1, 2024 through December 31, 2024, including but not limited to all documents revealing dates of therapy sessions, notes from therapy sessions, intake forms, invoices, and all communications with [Plaintiff]." See **Exhibit B** attached. Defendant's request is completely unrelated to the issue of Defendant's contacts with North Carolina.

6. Plaintiff objects and moves to quash Defendant's subpoenas on the grounds that both subpoenas exceed the scope of this Court's limited jurisdictional discovery Order. Defendant's subpoenas are unrelated to the issue of personal jurisdiction and do not relate to Defendant's contacts with North Carolina.

7. This Court's limited jurisdictional discovery Order does not address subpoenas at all, and more particularly, subpoenas unrelated to the issue of personal jurisdiction.

2

8. On 12 May 2026, in an effort to resolve this dispute amicably, Plaintiff's counsel emailed Defendant's counsel requesting Defendant withdraw both subpoenas as Defendant's subpoenas are not permitted under this Court's limited jurisdictional discovery Order. Defendant's counsel declined Plaintiff's counsel's request. A true and accurate copy of the email correspondence is attached hereto as **Exhibit D**.

9. This Court has held "courts may quash subpoenas directed to third parties when those subpoenas target materials that "bear little apparent connection to matters at issue." *LifeBrite Hosp. Grp. of Stokes, LLC v. Blue Cross & Blue Shield*, No. 1:18cv293, 2023 U.S. Dist. LEXIS 138444, at *8 (M.D.N.C. Aug. 9, 2023) (citation modified).

10. Regardless of whether Plaintiff has standing[1] to quash Defendant's subpoenas, courts have routinely held that the court itself may *sua sponte* "quash the subpoena upon its own motion and under its inherent authority . . . inasmuch as such subpoena was issued outside the bounds of Rule 26(b)(4)(A)." *Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07cv345, 2008 U.S. Dist. LEXIS 79980, at *7–8 (W.D.N.C. Aug. 11, 2008).

11. Because Defendant's subpoenas are not permitted under this Court's limited jurisdictional discovery Order, this Court should quash each of Defendant's subpoenas.

12. In the alternative, Plaintiff moves this Court for a protective order under Rule 26 of the Federal Rules of Civil Procedure for the same reasons explained above in that Defendant's subpoenas exceed the scope of this Court's limited jurisdictional discovery Order. *See Hartz &*

---

[1] As a general rule, "a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). However, and as explained above, courts have recognized that it has the inherent authority to quash subpoenas when a party exceeds the bounds of permissible discovery. *See Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07cv345, 2008 U.S. Dist. LEXIS 79980, at *7–8 (W.D.N.C. Aug. 11, 2008). Additionally, our United States Supreme Court has held confidential communications between a patient and psychotherapist privileged and protected from discovery. *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996). Defendant's request for Plaintiff's therapy records are protected by the psychotherapist-patient privilege.

3

*Co. v. Prod. Control Info.,* No. 93-2500, No. 94-1164, No. 94-1176, No. 94-1177, 1995 U.S. App. LEXIS 32063, at *15 (4th Cir. Nov. 15, 1995) (holding the district court did not abuse its discretion when it granted the defendants' motion for a protective order and excused the defendants from responding to the plaintiff's discovery requests where the requests "exceeded the scope of permissible discovery authorized by the district court[.]").

13. As this Court has "the inherent power to interpret and enforce its own orders and to coerce compliance with its orders[,]" *Meineke Car Care Ctrs., LLC v. Asar Inc., LLC,* No. 3:14-cv-129-RJC, 2016 U.S. Dist. LEXIS 40380, at *4 (W.D.N.C. Mar. 28, 2016), this Court should either quash Defendant's subpoenas or issue a protective order excusing the third-parties from responding to Defendant's requests as Defendant's subpoenas exceed the scope of this Court's jurisdictional discovery Order.

WHEREFORE, the undersigned prays the Court to quash Defendant's subpoenas which are attached hereto as **Exhibits A and B**. The undersigned further prays the Court order Defendant to pay the undersigned his reasonable expenses, including attorney's fees, resulting from the issuing of the unreasonable and oppressive subpoenas.

This, the 14th day of May 2026.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for Plaintiff*

By:    */s/ Thomas M. Van Camp*
        Thomas M. Van Camp, N.C. State Bar No. 16872
        Mary Catherine Coltrane, N.C. State Bar No. 60820
        Post Office Box 1389
        Pinehurst, North Carolina 28370
        Telephone: (910) 295-2525
        Facsimile: (910) 295-5101
        thomasv@vancamplaw.com
        marycatherine@vancamplaw.com

4

<u>**CERTIFICATE OF SERVICE**</u>

THIS IS TO CERTIFY that the undersigned has this date served the foregoing **PLAINTIFF'S OBJECTIONS, MOTION TO QUASH DEFENDANT'S SUBPOENAS, AND MOTION FOR A PROTECTIVE ORDER** upon the persons listed below via e-mail addressed as follows:

Steven B. Epstein, Esq.
*Attorney for Defendant Kyrsten Sinema*
301 Fayetteville Street
Suite 1900
Post Office Box 1801 (27602-1801)
Raleigh, North Carolina 27601
Telephone: (919) 783-2846
Facsimile: (919) 783-1075
sepstein@poynerspruill.com

This, the 14th day of May 2026.

        **VAN CAMP, MEACHAM & NEWMAN, PLLC**
        *Attorneys for Plaintiff*

By:   */s/ Thomas M. Van Camp*
     Thomas M. Van Camp, N.C. State Bar No. 16872
     Mary Catherine Coltrane, N.C. State Bar No. 60820
     Post Office Box 1389
     Pinehurst, North Carolina 28370
     Telephone: (910) 295-2525
     Facsimile: (910) 295-5101
     thomasv@vancamplaw.com
     marycatherine@vancamplaw.com

5