HEATHER AMMEL,

                                    Plaintiff,

            v.

KYRSTEN SINEMA,

                                    Defendant.

## <u>STIPULATED CONFIDENTIALITY ORDER</u>

This case involves claims by Plaintiff that Defendant interfered with her marriage and is liable for alienation of affection while Defendant served as a United States Senator. Certain documents sought by Plaintiff in discovery may include confidential information related to Defendant's work as a United States Senator and is in need of protection. Certain documents sought by Defendant in discovery include personal health-related information generally protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Consequently, the parties jointly request, and the Court finds good cause to enter, the following stipulated confidentiality order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure:

1.      **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents," which shall include both paper documents and electronically stored information) shall be subject to this Order concerning confidential information as set forth below.

2.      **Form and Timing of Designation.** Except as provided in paragraphs 3 and

1

4, any party, or any non-party providing documents or testimony in connection with this matter who has first made a good faith determination that a document and/or documents contain the specified types of confidential information described in paragraph 3 immediately below, may designate confidential documents by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. No party shall be permitted to designate as CONFIDENTIAL any document that does not fit the definition of confidential as set forth in paragraph 3 below. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. In the event such inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL has occurred, the party desiring to so mark such documents as CONFIDENTIAL may do so by providing notice to the other party of such inadvertent or unintentional production, and marking such documents as CONFIDENTIAL, within five business days of such discovery. In addition, within 21 days after the entry of this Order, or 21 days after the production of documents by any non-party pursuant to a subpoena, whichever shall later occur, a party desiring to do so may mark such documents as CONFIDENTIAL, thereby making them subject to the provisions of this Order, regardless of the date the documents were actually produced. All documents produced by either party, or any non-party, prior to the entry of this Order shall be deemed CONFIDENTIAL under this Order until 21 days

2

following the entry of this Order; neither party shall disclose to any third party, or publicly file in this matter, any such documents until each party has had the opportunity, pursuant to this provision, to designate documents as CONFIDENTIAL.

3. **Documents Which May be Designated Confidential.** Any party, or any non-party providing documents or testimony in connection with this matter, may designate documents as confidential, but only after review of the documents by an attorney (or, in the case of a *pro se* party, a party) who has, in good faith, determined that the documents contain information protected from disclosure by statute, health information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, 45 CFR parts 160 and 164 (including materials whose disclosure would trigger the breach notification requirements of the HITECH Act, 45 CFR parts 164.400-414), trade secrets, or confidential research, development, or other confidential information, including national security information related to Defendant's role as a United States Senator.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

3

b.      **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)      counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the instant litigation;

(2)      court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making electronic or photocopies of documents;

(3)      consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the instant litigation;

(4)      persons to whom disclosure is required by law;

(5)      other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.      **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order.  Counsel shall maintain a

record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal in accordance with the Local Rules. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting

5

memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

7. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a CONFIDENTIAL designation, and the burden of proving that a document designated CONFIDENTIAL actually falls within the definition of confidential as set forth in paragraph 3 above, remains with the party asserting confidentiality.

b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the CONFIDENTIAL designation.

c. Notwithstanding any challenge to the designation of documents as

6

confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)     the party who claims that the documents are confidential withdraws such designation in writing;

(2)     the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 7.b. above; or

(3)     the Court rules that the documents were improperly designated as CONFIDENTIAL in the first place, or should no longer be designated as confidential information. If the Court determines that a party improperly designated as CONFIDENTIAL a document and/or documents that do not fit the definition of confidential as set forth in paragraph 3 above, then the party who challenged the improper designation shall be awarded full costs and attorneys' fees incurred in bringing the challenge.

8.     **Disclosure during Hearings or at Trial**.  The use of all documents treated as Confidential under this order at any hearing or the trial will be the subject of a further order of the Court or agreement of the Parties.

9.     **Treatment on Conclusion of Litigation**.

a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL Documents.**  Within thirty (30) days

after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.e.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Treatment of Protected Health Information.** The parties recognize that documents discoverable in this action could include protected health information ("PHI"), as defined in 45 CFR. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties agree that all PHI produced in this action shall be treated as CONFIDENTIAL. Consistent with 45 C.F.R. § 164.512(e)(1)(v), the parties further agree that (1) any PHI produced in the course of this action shall be used solely for the purpose of the instant litigation; and (2) at the conclusion of this action, any PHI produced in the course of this action shall be returned to the producing party or destroyed in accordance with the requirements of Paragraph 8. The producing party shall designate PHI by placing or affixing the words "CONFIDENTIAL HEALTH

8

INFORMATION" on the document.

11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

14. **Non-Waiver of Objections**.

Neither this Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility, or discoverability of any information or document or to seek an order that discovery or admissibility be had only subject to appropriate limits or restrictions, as provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, or other applicable rules or law.

IT IS SO ORDERED.

This the _____ day of _____, 2026.

_____
Honorable David A. Bragdon
United States District Court Judge

WE CONSENT:

**VAN CAMP, MEACHAM & NEWMAN, PLLC**

By: /s/ Thomas M. Van Camp
Thomas M. Van Camp
N.C. State Bar No. 16872
thomasv@vancamplaw.com
P.O. Box 1389
Pinehurst, NC 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-5101

*Attorneys for Plaintiff Heather Ammel*

**POYNER SPRUILL LLP**

By: /s/ Steven B. Epstein
Steven B. Epstein
N.C. State Bar No. 17396
sepstein@poynerspruill.com
301 Fayetteville Street, Suite 1900
P.O. Box 1801 (27602-1801)
Raleigh, NC 27601
Telephone: (919) 783-2846
Facsimile: (919) 783-1075

*Attorneys for Defendant Kyrsten Sinema*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
FILE No. 1:26-cv-00038-DAB-JEP

HEATHER AMMEL,

Plaintiff,

v.

KYRSTEN SINEMA,

Defendant.

## <u>WRITTEN ASSURANCE</u>

_____ declares that:

I have read and understand the terms of the Stipulated Confidentiality Order (the "Order") filed in this action. I understand and agree to comply with and be bound by the provisions of the Order. I understand that any violation of the Order may subject me to sanctions by the Court.

I will not divulge any information, documents, or copies of documents designated "CONFIDENTIAL" obtained pursuant to such Order, or the contents of such documents, to any person other than those specifically authorized by the Order. I will not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Order.

As soon as practical, but no later than 30 days after final termination of this action, I will return to the attorney from whom I have received them any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

12

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Order.

_____     _____
Signature                                                    Date

_____
Printed Name

Address: _____

Phone Number: _____

Case 1:26-cv-00038-DAB-JEP     Document 29-1     Filed 06/22/26     Page 13 of 13