# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:26-cv-00038

HEATHER AMMEL,

                Plaintiff,

     v.

KYRSTEN SINEMA,

                Defendant.

## SUPPLEMENTAL PROTECTIVE ORDER

The parties have entered into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) concerning the handling and use of documents and depositions in this case. See Fed. R. Civ. P. 26. In approving the stipulated protective order, the Court orders the parties to follow these additional procedures:

**(1) TO THE EXTENT THE STIPULATED PROTECTIVE ORDER IS INCONSISTENT WITH THIS ORDER, THE TERMS OF THIS ORDER SHALL TAKE PRECEDENCE.**

By approving this Order and accepting the stipulation, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. Cf. Longman v. Food Lion, Inc., 186 F.R.D. 331, 333 (M.D.N.C. 1999) (noting that, in a case involving "hundreds of documents containing confidential business information," a blanket protective

order was "essential to the efficient functioning of the discovery process"). However, the stipulated protective order is limited by the concerns set out in <u>Haas v. Golding Transport, Inc.</u>, No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. March 26, 2010). Therefore, the Court enters this Supplemental Protective Order to address those concerns. To the extent any of the terms of the stipulated protective order are inconsistent with this Supplemental Protective Order, this Supplemental Protective Order controls. In addition, notwithstanding any provision in the Consent Order, the Court will exercise jurisdiction only over the Parties, including counsel, and anyone who voluntarily submits to jurisdiction of the Court by signing the Certification.

**(2)     PLEADINGS, MOTIONS, BRIEFS, OR EXHIBITS MAY NOT BE FILED UNDER SEAL WITHOUT SEPARATE COURT APPROVAL.**

Regardless of any provision contained in the stipulated protective order, the parties may not file any pleading, motion, brief or exhibit under seal without obtaining separate approval from the Court. Thus, a party seeking to file any document under seal must file a separate motion to file the document under seal. Any request to file a document under seal must meet the requirements of Federal Rule of Civil Procedure 26(c) and must meet the stringent requirements for sealing set out by the Fourth Circuit, as applicable. <u>See</u> <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178 (4th Cir. 1988) (setting out the standard for sealing documents protected by the common law right of access based on a weighing of "competing interests," as well as the higher standard for sealing documents protected by the First Amendment based on a showing that the restriction is "narrowly tailored" and serves a "compelling interest"); <u>Rushford v. The New Yorker Magazine, Inc.</u>, 846 F.2d 249 (4th Cir. 1988) (discussing the applicability of the First Amendment protection to documents filed in

2

connection with motions for summary judgment); <u>Virginia Dep't of State Police v.</u> <u>Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004) (noting that on a motion to seal, the court "must determine the source of the right of access with respect to each document, . . . [and] must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" (internal citations omitted)).

**The parties are required to comply with the provisions of Local Rule 5.4(c) for filing documents under seal.** Thus, if any documents are filed under seal, the filing party must file a motion to seal contemporaneously, following the default procedures in Local Rule 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by Local Rule 5.4(c)(3) within 14 days of the motion to seal.

The parties are directed to keep to a minimum the amount of material that they would seek to file under seal. In this regard, the parties are directed to exclude confidential information from court filings unless directly relevant to the issue to be considered. If it is necessary to file information that has been designated as confidential by another party, the filing party should request that the confidentiality designation be eliminated by the supplier of

3

the information.  If that request is refused, the filing party must file a motion to seal.  In that instance, the motion to seal must set out why it is necessary to file the confidential information, and must detail the efforts made to request that the confidentiality designation be eliminated. In response, the party asserting the confidentiality designation shall have the burden of making the requisite showing under the standards set out above.

If a party files a motion seeking to file a document under seal, a redacted copy of the document for which sealing is sought must be filed on the public record.  In the redacted document, the omitted material must be generally identified.  For example, if only a page, sentence, or word of a deposition, brief, or other material contains confidential information, then only that page, sentence or word should be redacted from the item filed in the public record of the Court, with an appropriate explanation at the place of withdrawal in the document.  The original, unredacted document may be filed under seal when the motion to seal is filed.  For ease of court review, a party shall submit a judge's copy of the complete unredacted document, with the redacted part clearly marked thereon by highlighting.

**(3)     EVIDENCE OR TESTIMONY INTRODUCED IN COURT MAY ONLY BE SEALED BY SEPARATE COURT ORDER ON MOTION OF A PARTY.**

To the extent that any party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the party must make a separate motion in that regard for consideration by the court conducting the proceedings, supported by sufficient justification therefor.  Likewise, to the extent any party would seek to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

4

**(4)** **SEALING DOCUMENTS OR RESTRICTING ACCESS IN PROCEEDINGS BEFORE ANY OTHER COURT, INCLUDING ON APPEAL, MUST BE ADDRESSED BY THE PARTIES UNDER THE RULES OF THAT COURT.**

To the extent the parties may later proceed before any other court, including in any appeals in the present case, the parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

**(5)** **THE STIPULATED PROTECTIVE ORDER, AS LIMITED AND MODIFIED BY THIS SUPPLEMENTAL PROTECTIVE ORDER, MAY NOT BE MODIFIED BY THE PARTIES WITHOUT LEAVE OF COURT.**

Orders in this case, including the stipulated protective order, may not be modified solely by agreement of the parties, and may only be modified with leave of Court on a motion of the parties.

**(6)** **ALL DOCUMENTS, SEALED OR OTHERWISE, FILED WITH THE COURT SHALL BE DISPOSED OF PURSUANT TO LOCAL RULE 79.4.**

Local Rule 79.4 provides for disposition of documents filed with the Court, and will continue to control unless otherwise ordered by the Court at the conclusion of the case.

**IT IS THEREFORE ORDERED** that the stipulated protective order is LIMITED and MODIFIED as set out herein.

This, the 4th day of August, 2026.

Joi Elizabeth Peake
United States Magistrate Judge

5