UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:26-cv-00038-DAB-JEP

HEATHER AMMEL,

Plaintiff,

v.

KYRSTEN SINEMA,

Defendant.

**DEFENDANT'S ANSWER**

Defendant Kyrsten Sinema ("Defendant"), by and through her undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE—PERSONAL JURISDICTION**

Notwithstanding the Court's order denying her motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant preserves her objection that this Court lacks personal jurisdiction over her and therefore lacks authority to adjudicate Plaintiff's claims.

**SECOND DEFENSE—CHOICE OF LAW**

Defendant asserts that the law governing this case is not North Carolina law, but rather the law of a state or states that do not recognize claims for alienation of affection. Consequently, Defendant is entitled to judgment as a matter of law.

**THIRD DEFENSE**

Without waiving any defenses, Defendant answers the separately numbered allegations of Plaintiff's Complaint as follows:

Parties, Jurisdiction, and Venue

1. Admitted upon information and belief.

2. Admitted.

3. Denied.

4. Denied.

Predicate Facts

5. Defendant incorporates all prior responses as if fully restated herein.

6. Admitted upon information and belief.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Denied.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

14. Denied.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

19. Admitted upon information and belief.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Defendant admits that Mr. Ammel, as an independent security contractor for TOA Group, accompanied Defendant on work events and trips, including to Napa Valley, California in the fall of 2023. Except as admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

25. Defendant admits that, in December 2023, Mr. Ammel, as an independent security contractor for TOA Group, accompanied Defendant to a U2 concert at the Sphere in Las Vegas, Nevada. Defendant further admits that Plaintiff was also present at the concert and other events in Las Vegas; that Plaintiff met Defendant, Defendant's friends, and several others on the trip, including Cindy McCain; and that Plaintiff and Defendant were in McCain's hotel suite at the same time; and that Mr. Ammel introduced Plaintiff to Defendant as his wife. Defendant lacks knowledge or information sufficient to admit or deny the circumstances under which Mr. Ammel discussed this trip with Plaintiff in advance of the trip and therefore denies any such allegation. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

26. Defendant admits that, on February 6, 2023, Mr. Ammel, as an independent security contractor for TOA Group, provided security to Defendant in Charlotte, North Carolina. Except as admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

27. Denied.

28. Defendant denies that Plaintiff discovered messages she delivered to Mr. Ammel in which Defendant was wrapped in a towel. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

29. Admitted upon information and belief.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

32. Defendant admits that, in March 2024, Mr. Ammel, as an independent security contractor for Kinsaker Security Group, accompanied Defendant to the Extra Innings Festival in Phoenix, Arizona. Defendant further admits that a large group of people held hands in a group exercise during that Festival and that Mr. Ammel was holding her hand while a person on her opposite side held her other. Defendant denies that she held Mr. Ammel's hand or touched him apart from such group exercise. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

33. Defendant admits that, in March 2024, Mr. Ammel, as an independent security contractor for Kinsaker Security Group, accompanied Defendant to fundraising events in Palo Alto, California. Defendant further admits that Mr. Ammel hung out in her hotel room for approximately one hour. Except as expressly admitted herein, the remaining allegations contained in this paragraph are denied.

34. Defendant lacks knowledge or information sufficient to admit or deny why Mr. Ammel was in Maryland in April 2024 and therefore denies all such allegations. Defendant admits that Mr. Ammel came to her apartment in Washington, D.C. in April 2024. Except as expressly admitted herein, the remaining allegations contained in this paragraph are denied.

35. Defendant admits that she paid for a portion of Mr. Ammel's psychedelic treatment appointment in Nashville, Tennessee. Defendant further admits that, in May 2024, Mr. Ammel, as an independent security contractor for Kinsaker Security Group, provided security for Defendant at a concert in Napa Valley, California and that, following the concert, Defendant, Defendant's friends, and Mr. Ammel lodged overnight at an Airbnb. Except as expressly admitted herein, the remaining allegations contained in this paragraph are denied.

36. Defendant denies that she purchased a theragun for Mr. Ammel. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

38. Defendant admits that, in June 2024, Mr. Ammel, as an independent security contractor for Kinsaker Security Group, provided security for Defendant at a wedding in New York City. Defendant further admits that she and Mr. Ammel flew together from New York City

to Phoenix, Arizona. Except as admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

39. Defendant admits that in June 2024 Mr. Ammel was hired to serve on her Senate staff in a salaried position as a Defense and National Security Fellow, while he also continued to perform security-related work for her campaign. Except as expressly admitted herein, the remaining allegations contained in this paragraph are denied.

40. Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff discovered and therefore denies any such allegations. The remaining allegations contained in this paragraph are premised on recovered Signal messages that speak for themselves and are the best evidence of their contents. Defendant denies any such allegations to the extent they differ from such recovered Signal messages.

41. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore denies the same.

42. Defendant admits that Mr. Ammel continued to work for the U.S. Senate and her campaign, and in those capacities traveled to various states and cities within the United States and internationally. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

43. Admitted.

44. Admitted.

45. Defendant admits that, in October 2024, Mr. Ammel, Plaintiff, and the Ammel children were Defendant's guests at the Taylor Swift concert in Miami, Florida and that Mr. Ammel thereafter traveled with Defendant to Las Vegas, Nevada for work. Except as expressly

admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

46. Defendant denies that, after returning home from Las Vegas, Nevada, Mr. Ammel insisted that Plaintiff go with him on an anniversary trip to Nashville, Tennessee. Defendant admits that following Mr. Ammel's trip to Nashville, Tennessee, he traveled to Phoenix, Arizona and subsequently traveled with Defendant on a work trip to Saudi Arabia. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

47. Admitted upon information and belief.

48. Denied.

49. Defendant admits that she knew Mr. Ammel was married to Plaintiff and that they resided with their children in Moore County, North Carolina during early 2024. Defendant denies that she knew Mr. Ammel was residing with Plaintiff and the minor children in the same residence from then until November 1, 2024.

50. Denied.

51. Denied.

52. Denied, including each and every subpart.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied, including each and every subpart.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admitted.

65. Admitted.

66. Admitted.

67. Denied

First Claim for Relief: Alienation of Affection

68. Defendant incorporates all prior responses as if fully restated herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

Second Claim for Relief: Punitive Damages

74. Defendant incorporates all prior responses as if fully restated herein.

75. Denied, including each and every subpart.

76. Denied.

77. Denied.

78. Denied.

DEFENDANT DENIES EACH AND EVERY ALLEGATION OF THE COMPLAINT NOT EXPRESSLY ADMITTED ABOVE.

**FOURTH DEFENSE—RESERVATION AND NON-WAIVER**

Defendant reserves all other affirmative defenses which may be revealed by discovery in this action; her failure to assert such defenses in this Answer does not constitute a waiver of any such defenses.

WHEREFORE, Defendant respectfully prays that:

1. Plaintiff have and recover nothing in this action;
2. That all costs of this action be taxed against Plaintiff;
3. For a trial by jury on all issues so triable; and
4. For all such other and further relief as the Court deems just and proper.

Respectfully submitted the 18th day of September, 2026.

**POYNER SPRUILL LLP**


By: /s/ Steven B. Epstein
Steven B. Epstein
N.C. State Bar No. 17396
sepstein@poynerspruill.com
Abigail R. Jenkins
N.C. State Bar No. 63998
ajenkins@poynerspruill.com
301 Fayetteville Street, Suite 1900
P.O. Box 1801 (27602-1801)
Raleigh, NC 27601
Telephone: (919) 783-2846
Facsimile: (919) 783-1075

*Attorneys for Defendant Kyrsten Sinema*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Thomas M. Van Camp
Mary Catherine Coltrane
Van Camp, Meacham & Newman, PLLC
Post Office Box 1389
Pinehurst, NC 28370
thomasv@vancamplaw.com
marycatherine@vancamplaw.com

This the 18th day of September, 2026.

/s/ Steven B. Epstein
Steven B. Epstein