**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
CIVIL ACTION NO. 1:26-cv-00038

| | | |
|---|---|---|
| **HEATHER AMMEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KYRSTEN SINEMA,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JOINT RULE 26(f) REPORT** |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a conference was held on September 24, 2026, and was attended by Thomas M. Van Camp and Mary Catherine Coltrane of Van Camp, Meacham & Newman, PLLC, representing Plaintiff Heather Ammel ("Plaintiff") and Steven B. Epstein and Abigail R. Jenkins of Poyner Spruill, LLP, representing Defendant Kyrsten Sinema ("Defendant").

2. Discovery Plan. The parties propose to the Court the following discovery plan: The "commencement date" of discovery will be upon entry of an Order by the Court. Discovery will be needed on the following subjects:

a) All facts and allegations set forth in Plaintiff's Complaint and Defendant's Answer;

b) The marital relationship between Plaintiff and Matthew Ammel, including the condition of the marriage before, during, and after the conduct alleged in Plaintiff's Complaint;

c) The nature and location of contacts and communications between Defendant and Matthew Ammel;

d) Defendant's contacts with the State of North Carolina;

e) The timing of the acts alleged in Plaintiff's Complaint, including in relation to the date of Plaintiff's separation from Matthew Ammel and the applicable limitations period; and

f) Damages (e.g., alleged economic losses, emotional distress, and the bases for Plaintiff's punitive damages claims).

g) Matthew Ammel's mental health, criminal history, earnings, and earning potential.

Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as: Complex with any modifications set forth below.

The date for the completion of all discovery (general and expert) is **May 14, 2027**. Stipulated modifications to the case management track include: **N/A**.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

From Plaintiff by **February 5, 2027**.

From Defendant by **March 15, 2027**.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. Mediation.

Mediation should be conducted **midway** in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Steve Dunn of Miles Mediation & Arbitration in Charlotte, North Carolina or Alan Parry of Parry Law, PLLC in Chapel Hill, North Carolina.

4. Preliminary Deposition Schedule. Depositions to begin no sooner than January 4, 2027, to allow adequate time for written discovery.

5. The parties will update this schedule at reasonable intervals. Other items.

Plaintiff should be allowed until **November 6, 2026**, to request leave to join additional parties or amend pleadings.

Defendant should be allowed until **November 27, 2026**, to request leave to join additional parties or amend pleadings.

After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master:

The parties do not consent to a Magistrate Judge.

Trial of the action is expected to take approximately **3-5** days. A jury trial has been demanded.

The case may involve confidential or sealed documents, and the parties have separately filed a Protective Order, which was granted by the Court, as amended on August 4, 2026.

The basis of federal subject matter jurisdiction is: diversity. The parties have reviewed the Federal Rule 7.1 and Local Rule 7.7 disclosures to confirm diversity.

This the 29th day of September 2026.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**

By: *<u>/s/ Thomas M. Van Camp</u>*
Thomas M. Van Camp, N.C. State Bar No. 16872
Mary Catherine Coltrane, N.C. State Bar No. 60820
Post Office Box 1389
Pinehurst, North Carolina 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-5101
thomasv@vancamplaw.com
marycatherine@vancamplaw.com
*Attorneys for Plaintiff*

**POYNER SPRUILL LLP**

By: *<u>/s/ Steven B. Epstein</u>*
Steven B. Epstein
N.C. State Bar No. 17396
sepstein@poynerspruill.com
Abigail R. Jenkins
N.C. State Bar No. 63998
ajenkins@poynerspruill.com
301 Fayetteville Street, Suite 1900
P.O. Box 1801 (27602-1801)
Raleigh, NC 27601
Telephone: (919) 783-2846
Facsimile: (919) 783-1075
*Attorneys for Defendant Kyrsten Sinema*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this date the undersigned has filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Steven B. Epstein, Esq.
Abigail R. Jenkins, Esq.
*Attorneys for Defendant Kyrsten Sinema*
301 Fayetteville Street
Suite 1900
Post Office Box 1801 (27602-1801)
Raleigh, North Carolina 27601
Telephone: (919) 783-2846
Facsimile: (919) 783-1075
sepstein@poynerspruill.com
ajenkins@poynerspruill.com

This the 29th day of September 2026.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for Plaintiff*

By: */s/ Thomas M. Van Camp*
Thomas M. Van Camp, N.C. State Bar No. 16872
Mary Catherine Coltrane, N.C. State Bar No. 60820
Post Office Box 1389
Pinehurst, North Carolina 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-5101
thomasv@vancamplaw.com
marycatherine@vancamplaw.com